## Case No. 8,569.

LOWELL MANUF'G CO. et al. v. HARTFORD CARPET CO.

[2 Fish. Pat. Cas. 472.] [1]

Circuit Court, D. Connecticut. July, 1864

PATENTS—LICENSE TO USE—ROYALTY—PATENT EXPIRED.

1. The Lowell Manufacturing Company, in 1847, licensed the Thompsonville Carpet Manufacturing Company, to use one hundred and twenty-five looms, corresponding to models furnished by the licensors, until August 18, 1860, "and for the additional term of any extension which may be hereafter granted, of any patent now owned by the Lowell Manufacturing Company relative to such looms," for a specified royalty. It appeared that two patents were involved in the construction of these looms, one to a considerable and the other to an inconsiderable extent. The first expired October 23, 1863, and was not extended; the second was extended prior to August 18, 1860. Held, that, as to the first patent, no royalty was payable, upon the portions of the loom covered by it, after August 18, 1860.

2. As to the second patent, the improvements claimed therein were not materially useful to the looms used by the Thompsonville Carpet Manufacturing Company, and their successors, and were not used by them to an extent that would justify the interference of the court by injunction.

[Cited in Hoe v. Boston Daily Advertiser Corp., 14 Fed. 916; Campbell Printing-Press & Manuf'g Co. v. Manhattan Ry. Co., 49 Fed. 933.]

This was a bill in equity, filed to restrain the defendants from infringing two letters patent granted to Erastus B. Bigelow, one for "improvement in power looms," dated April 10, 1845 [No. 3,987], and extended for seven years from April 10, 1859; and the other for "improvement in Jacquard looms," dated October 23, 1849 [No. 6,806].

The complainants had, in 1847, granted the following license to the Thompsonville Carpet Company:

"This indenture, made this thirty-first day of August, A. D. eighteen hundred and forty-seven, by and between the Lowell Manufacturing Company, a corporation established by the laws of Massachusetts, of the one part, and the Thompsonville Carpet Manufacturing Company, a corporation established by the laws of Connecticut, of the other part, witnesseth: That the Lowell Manufacturing Company, in consideration of the convenants and agreements of the said Thompsonville Carpet Manufacturing Company, hereinafter contained, doth, by these presents, grant, bargain, sell, and assign to the said Thompsonville Carpet Manufacturing Company, the right to own and use for the weaving of two-ply and three-ply carpeting and floor-cloth, but for no other purpose whatever, at their factory in Thompsonville, not less than one hundred and twenty-five nor more than one hundred and fifty looms corresponding to the models hereinafter mentioned, for the remainder of the term of fourteen years from the eighteenth day of August, A. D. eighteen

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

hundred and forty-six, to the eighteenth day of August, A. D. eighteen hundred and sixty, and for the additional term of any extension which may be granted hereafter by the United States, of any patent right now owned by the said Lowell Manufacturing Company, relative to such looms and business as aforesaid; the said Thompsonville Carpet Manufacturing Company yielding and paying therefor to the said Lowell Manufacturing Company, its successors and assigns, by semiannual payments, on or before the last days of January and July in each and every year during said term and the term of any extension aforesaid, a sum of money which shall always be proportioned to the whole quantity of carpeting and floor-cloth which shall have been actually woven on the said looms, or any of them, during each six months ending on the last days of December and June respectively, during said term and the term of any extension aforesaid, at and after the rates following, to wit: Two cents for each square yard of two-ply carpeting or floor-cloth, and four cents for each square yard of three-ply carpeting or floor-cloth actually woven as aforesaid; and the said Lowell Manufacturing Company, for the consideration aforesaid, doth covenant with the Thompsonville Carpet Manufacturing Company, in manner following:

"First. The said Thompsonville Manufacturing Company, punctually paying the semiannual sums ascertained as aforesaid, and performing all other convenants and agreements on their part herein contained, shall have the right to own and use during the said term and the term of any extension aforesaid, the said limited number of looms, with all the improvements therein patented, and to be patented, in the business aforesaid, without let or hindrance of the said Lowell Manufacturing Company, or of any person claiming under said company, and shall have the further right to make and use in the said business, during the said term and the term of any extension aforesaid, on the same limited number of looms, any new improvenemt in said machines, for said manufacture, which may be hereafter patented by the Lowell Manufacturing Company, or which may otherwise become the property of said company.

"Second. The said Lowell Manufacturing Company shall and will make and deliver to said Thompsonville Carpet Manufacturing Company, within a reasonable time after the execution of these presents, on receiving from said company the cost thereof, one model loom for the weaving of two-ply carpeting, and one model loom for the weaving of three-ply carpeting, of the most approved construction now known to the Lowell Manufacturing Company, and shall and will also allow the Thompsonville Carpet Manufacturing Company to use, for the purpose of constructing a limited number of like looms as hereinafter provided, all patterns for castings needful for the construction of looms corresponding to said models, it being understood that the patterns are to be used only at the foundry where they may for the time being be by direction of the Lowell Manufacturing Company.

"Third. If it should happen that the said Lowell Manufacturing Company shall, any time thereafter during said term, or the term of any extension aforesaid, sell to any other person or corporation the right to use in the said business the said machinery and improvements in the United States of America, for a less price or rate of payment than is above stipulated, whensoever and so often as any such sale be made at a reduced price, the rate to be thereafter paid during the residue of the said term and the term of any extension aforesaid, by the Thompsonville Carpet Manufacturing Company, shall be also reduced, so that the said company shall always have and enjoy the right of using the said machines and improvements at the lowest rate agreed to be paid therefor by any other purchasers of the said right during the same period, it being understood that this provision is not intended to apply to the use by other parties of any part or parts of such machines and improvements unless by the express permission of the Lowell Manufacturing Company; and the said Thompsonville Carpet Manufacturing Company, in consideration of the premises, doth hereby covenant with the Lowell Manufacturing Company, its successors and assigns, in manner following:

"First. The said Thompsonville Carpet Manufacturing Company will and shall purchase and pay for at cost the two model looms above mentioned, so soon as the same shall be ready for delivery, and within two years thereafter the said company will and shall build, for cause to be built and put in actual operation, at their said factory, not less than seventy-five looms, corresponding to said model looms, and within three years from the delivery of said model looms the said company will and shall build or cause to be built and put in actual operation at their said factory not fewer than fifty more like looms; and it is well understood between the parties that the said Thompsonville Carpet Manufacturing Company shall not be bound to put in operation any greater number than one hundred and twenty-five of said looms in the whole, but shall have the right, at their own option, to build and put in operation at their said factory, at any time during said term, and during the term of any extension aforesaid, any number not exceeding twenty-five of said looms in addition to the one hundred and twenty-five aforesaid, on giving notice in writing to said Lowell Manufacturing Company, of their intention so to do; said looms to be either for two-ply carpeting or three-ply carpeting, or any proportion between the two, as they shall think expedient.

"Second. The said Thompsonville Carpet Manufacturing Company will not and shall not use the said looms, or any of them, nor permit the same to be used for any other species of manufacture than either two-ply or three-ply ingrain carpeting or floor-cloth, nor at any other place than their said factory, nor permit the same to be used by any other persons, except persons employed by them in manufacturing, at their said factory, and for their account, without the consent of the said Lowell Manufacturing Company to any such substitution first had and obtained in writing.

"Third. The said Thompsonville Carpet Manufacturing Company will and shall punctually pay, on or before the last days of January and July in each year during said term, and the term of any extension aforesaid, a sum of money always proportioned to the aggregate product of said looms during the preceding six months ending on the thirty-first day of December and the thirtieth day of June in each year, estimated at the rates above fixed, or at such reduced rate as is above provided for, in case a reduction should occur; and they will and shall, during the said months of January and July in each year make and render true statements in writing of the whole number of square yards of each description of carpeting and floor-cloth actually woven at their said factory during the said preceding six months, by means of said looms, or any of them, and they will and shall keep at their said factory regular and true books of account, showing the number of looms of each description in operation from time to time, and the daily product of each loom, which books shall be kept open at all times during the said term, and the term of any extension aforesaid, to the free inspection of any agent or agents appointed therefor by the directors of the said Lowell Manufacturing Company.

"And it is mutually understood and agreed by the parties hereto, that all the foregoing grants, covenants, and agreements of the said Lowell Manufacturing Company, concerning the use of any machines patented or to be patented, are upon express condition that if the said Thompsonville Carpet Manufacturing Company shall, at any time, fail to pay punctually when due the semi-annual payments aforesaid, estimated at the rate above specified, or at such reduced rate as may be hereafter fixed in the manner aforesaid, if any such reduction should occur, or if they shall fail to make and render true accounts, as above provided, or otherwise fail to perform any of the foregoing covenants and agreements on their part, in such case, and immediately upon the happening of such default, or at any time after, while the same default continues, the said Lowell Manufacturing Company shall have the right, by vote of the directors, and delivery of an attested copy thereof to any officers of the said Thompsonville Carpet Manufacturing Company, or leaving the same at their factory, whether then in operation or not, to terminate this contract, and thereupon all the grants, covenants, and agreements of the said Lowell Manufacturing Company shall become null and void, and the right of the said Thompsonville Carpet Manufacturing Company, and of all persons claiming under them, to any further use of the said machines and improvements, patented and to be patented, shall thereby cease and be determined.

"In witness whereof, the said parties have hereunto interchangeably set their respective seals and subscribed their respective corporate names, the Lowell Manufacturing Company by their treasurer, thereunto authorized, and the Thompsonville Carpet Manufacturing Company by their agent, thereunto authorized, the day and year first above written."

After working under this license for some years, the Thompsonville Carpet Company failed, and, with the consent of complainants, the license was transferred to the defendants, the Hartford Carpet Company, who had purchased the effects of the licensees, and who continued to work and make payments under the license until shortly after August 18, 1860, when they ceased to pay further royalty. The complainants demanded payment, and, upon refusal, passed a resolution revoking the license, and filed their bill.

S. L. Thorndyke, E. W. Stoughton, and B. R. Curtis, for complainants.

Hungerford & Cone, R. D. Hubbard, George Gifford, and Charles O'Connor, for defendants.

NELSON, Circuit Justice. I. We are of opinion, that, upon the true construction of the agreements of August 31, 1847, the respondents were entitled to construct and use the number of looms therein specified, according to the models furnished by the Lowell Company, for the rate of compensation mentioned, until August 18, 1860, and after that period without any further tariff or compensation, with the single exception, in case of the extension of one or more of the patents existing at the date of the agreements. The latter, to wit: the extension, is the only condition upon which the payment of the tariff after the period mentioned, is made to depend. If there was no extension, there was to be no further payment for the use of these looms. This disposes of the patent of October 23, 1849.

II. The patent of April 10, 1845, was extended for the term of seven years from April 10, 1859. But we are of opinion:

1. That this patent was not a patent within the meaning of the agreements of August 31, 1847, it being a patent for improvements in a loom for weaving fabrics other than and different from the two and three-ply carpets;

namely, to weave plaid ginghams and the like; and further, that this was so understood by Mr. Bigelow and the Lowell Company, as is apparent from the proofs in the case.

2. That the improvements claimed in this patent are not materially useful in the looms for weaving the two and three-ply carpeting; or, if so, the respondents have not used them to an extent that would justify the interference of the court by injunction. The improvements included in this patent, and which are claimed to be useful in the power looms represented by the models mentioned in the agreements, and the right to the use of which was covered thereby, are small and limited, compared with the other parts or portions of these looms.

If there be any infringement, injunction would not be the appropriate remedy under the circumstances stated. Decree for the respondents.